## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

MICHAEL D. TURNBO,                                )
                                                  )
                    Plaintiff,                    )
                                                  )
v.                                                )        Case No. CIV-25-00532-JD
                                                  )
COMMISSIONER OF THE SOCIAL                        )
SECURITY ADMINISTRATION,                          )
                                                  )
                    Defendant.                    )

## <u>ORDER</u>

Before the Court is United States Magistrate Judge Shon T. Erwin's Report and

Recommendation ("R. & R.") [Doc. No. 14] issued on April 10, 2026.[1]

Judge Erwin recommends that the Court reverse and remand the final decision of

Defendant for further administrative development. [Doc. No. 14 at 10]. Judge Erwin

advised the parties of their right to file an objection to the R. & R. with the Clerk of Court

by April 24, 2026, and explained that failure to timely object waives the right to appellate

review of both factual and legal issues contained in the R. & R. [*Id.* at 10 (citing 28

U.S.C. § 636, Fed. R. Civ. P. 72, and *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th

Cir. 2010))].

"[A] party's objections to the magistrate judge's report and recommendation must

be both timely and specific to preserve an issue for de novo review by the district court or

---

[1] This case was referred to Judge Erwin on August 1, 2025. [Doc. No. 7]. The record contains the Social Security Administration Record filed by Defendant [Doc. No. 5], and the parties' arguments in their briefs [Doc. Nos. 10, 12, 13].

for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). By not objecting to a magistrate judge's report and recommendation, the parties waive their rights to challenge the legal and factual basis for the magistrate judge's decision. *See Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that the plaintiffs "waived their right to appeal the magistrate's ruling" because they did not file any objections); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) ("Our waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.").

Neither Plaintiff nor Defendant filed an objection to the R. & R. by the deadline, and both parties waived their right to challenge the recommended disposition. Both parties have counsel. Neither party filed anything in response to the R. & R. or sought an extension of time to do so. "The waiver rule as a procedural bar need not be applied when the interests of justice so dictate." *Moore*, 950 F.2d at 659. However, considering the factors, the interests of justice do not warrant an exception to the waiver rule in this case. *See Casanova*, 595 F.3d at 1123 (explaining that the court may grant relief from the waiver rule for failure to timely object to the magistrate judge's report and recommendation in the "interests of justice" by considering factors such as a pro se litigant's effort to comply, the force and plausibility of the explanation for the party's failure to comply, and the importance of the issues raised).

Accordingly, the Court **ACCEPTS** the Report and Recommendation [Doc. No. 14] and **REVERSES** and **REMANDS** the decision of Defendant for further

administrative development consistent with the R. & R. A separate judgment in favor of Plaintiff will follow.

IT IS SO ORDERED this 11th day of May 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE